IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| SHONE WILKES, ) | |
| ) | |
|    Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 5:04-1304 |
| ) | |
| MARTIE ANDERSON, ) | |
| ) | |
|    Respondent. ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

On December 15, 2004, Petitioner, acting *pro se* and then in confinement at FCI Beckley, Beaver, West Virginia, filed an "Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody."[1] (Doc. No. 1.) By Standing Order also filed on December 15, 2004, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 3.) Pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, "[i]f it plainly appears . . . that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Having carefully examined the documents contained in the file and considered the applicable law, the undersigned finds that Petitioner is not entitled to *habeas* relief.

### FACTUAL AND PROCEDURAL BACKGROUND

On July 21, 2001, Petitioner pled guilty to distribution of cocaine and cocaine base in the United States District Court for the Western District of North Carolina. (Doc. No. 1, United States

---

[1] Because Petitioner is acting pro se, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

v. Rivers, *et al*., No. 3:01-cr-00031-8(W.D.N.C., September 29, 2001).) The District Court sentenced Petitioner on August 16, 2001, to a 240 month term of imprisonment. (Id.) Petitioner subsequently appealed his conviction and sentence. By Order filed on December 5, 2001, Petitioner's appeal was dismissed pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure. Id., United States v. Wilkes, No. 1-4845 (4th Cir., December 5, 2001).

On September 17, 2002, Petitioner filed an action for *habeas corpus* relief under 28 U.S.C. §2255 in the Western District of North Carolina alleging that he received ineffective assistance of counsel because his counsel failed to challenge his career offender status and failed to raise an Apprendi violation.[2] Wilkes v. United States, Civil Action No. 3:02-cv-382-1-V(W.D.N.C. June 13, 2003). Petitioner amended his Petition to include a claim that his counsel was ineffective for allowing the Government to breach the plea agreement when counsel did not move for a downward departure based upon substantial assistance. (Id.) Petitioner's § 2255 Motion was dismissed on June 19, 2003. (Id.)

On December 15, 2004, Petitioner filed his Application under 28 U.S.C. § 2241 in the instant case claiming that his security classification has been adversely affected based on inaccurate information contained in his Presentence Investigation Report. Petitioner specifically contends that he is being held at a higher security prison because the criminal history portion of his Presentence Investigation Report indicates that he provided a co-defendant a firearm in connection with his 1991 conviction for accessory after the fact of murder. Petitioner argues that the very nature of the

---

[2] On April 9, 2003, Petitioner petitioned the Fourth Circuit Court of Appeals for a writ of mandamus, alleging that the district court had unduly delayed in acting, because it had not ordered the Government to respond to his 28 U.S.C. §2255 motion. See In re Wilkes, No. 03-6582, 2003 WL 21752958 (4th Cir., July 30, 2003). The Fourth Circuit denied Petitioner's Petition as moot noting that the record revealed that the District Court had dismissed Petitioner's § 2255 motion. Id.

offense indicates that he did not provide his co-defendant with a firearm. Petitioner also argues that he objected to the allegation in his Presentence Investigation Report regarding his supplying the murder weapon at his sentencing hearing. Although Petitioner provides an excerpt of the sentencing hearing transcript which indicates that he objected to the allegation for purposes of his criminal history, Petitioner did not submit the portions of the transcript stating the Court's ruling on the matter. Petitioner, however, indicates in his Petition that because he did not have evidence to dispute the information contained in his Presentence Investigation Report relating to him providing his co-defendant a firearm in connection with his conviction for accessory after the fact of murder that the sentencing court accepted the findings contained in the report. (Doc. No. 1 at 14.) Petitioner also attaches to his Petition copies of the documents he filed during the administrative remedy process and the responses he received thereto which indicate that he exhausted his administrative remedies. The Regional Administrative Remedy Appeal response states that as a consequence of Petitioner's Presentence Investigation Report reflecting a 1991 conviction for accessory after the fact of murder, his history of violence score is accurately classified as serious pursuant to Program Statement 5100.07, Security Designations and Custody Classifications Manual. The response also advises that pursuant to Program Statement 5800.11, Inmate Central File, Privacy Folder, and Parole Mini-Files, the BOP took reasonable steps to verify the accuracy of the description of his 1991 conviction by contacting the United States Probation Office that prepared the report. Petitioner appealed the Regional Director's decision, and the decision was subsequently affirmed at the National level.

**ANALYSIS**

District Courts are limited to granting *habeas* relief "within their respective jurisdictions." 28 U.S.C. § 2241(a); U.S. v. Little, 392 F.3d 671, 680 (4th Cir. 2004). In Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973), the Supreme Court explained that 28 U.S.C. § 2241 requires "nothing more than the court issuing the writ have jurisdiction over the custodian." Therefore, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody . . . , he should name his warden as respondent and file the petition in the district of confinement." United States v. Little, 392 F.3d at 680(citing Rumsfeld v. Padilla, 542 U.S. 426, 447, 124 S.Ct. 2711, 2724, 159 L.Ed.2d 513 (2004). In this case, Petitioner filed his § 2241 petition while incarcerated in FCI Beckley at Beaver, West Virginia, and named the Warden of FCI Beckley as Respondent. While Petitioner's Application was pending before this Court, however, he was transferred to Williamsburg FCI, which is located in Salters, South Carolina.[3] In the context of a *habeas corpus* proceeding, "[t]he writ does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's transfer, the undersigned finds that Petitioner is no longer in custody of the Respondent. He is now under supervision in South Carolina and beyond this Court's jurisdiction. The undersigned believes that the best course of action under the circumstances is to determine whether Petitioner's claim has merit. If so, the undersigned should recommend the transfer of this matter to the District of South Carolina. If not, the undersigned should recommend dismissal.

---

[3] According to the BOP's Inmate Locator, Petitioner's projected release date is September 8, 2018.

It is well settled that an inmate has "no legitimate statutory or constitutional entitlement" to any particular custodial classification which is sufficient to invoke due process. Moody v. Duggett, 429 U.S. 78, 88 n.9, 97 S.Ct. 274, 279 n.9, 50 L.Ed.2d 236(1976). Moreover, Congress has given federal prison officials discretion to control the classification of prisoners residing in their institutions. Id. (citing 18 U.S.C. §4081). The BOP applied its regulations and Program Statement 5100.07 and determined that Petitioner qualified as a Medium Security Inmate. BOP staff confirmed the accuracy of the Presentence Investigation Report by contacting the United States Probation Officer who prepared the report in accordance with Program Statement 5800.11. The BOP having confirmed the accuracy of the information contained in the report is entitled to rely upon the report when making decisions concerning Petitioner's classification. See United States v. Emmanuel, 869 F.2d 795(1985)(failure to raise issue presented in sentencing amounts to a waiver of the right to contest the issue in collateral proceedings). Moreover, it does not appear that the BOP based its classification on the fact that he supplied a gun to his co-defendant in connection with his conviction for accessory after the fact of murder because it appears from the Regional Administrative Remedy Appeal that his conviction for accessory after the fact of murder alone qualified him as having a serious history of violence regardless of whether he supplied the gun to his co-defendant. (Doc. No. 1 at 19.) Accordingly, the undersigned finds that Petitioner's claim is without merit and recommends that the District Court deny Petitioner's Application for *habeas corpus* relief.

### **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual and legal analysis and conclude that the District court has no jurisdiction to consider the issues presented by Petitioner's Application as Petitioner has been

transferred to Williamsburg FCI and that the circumstances do not warrant the transfer of the instant action to the District of South Carolina. Accordingly, it is hereby respectfully **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application in consideration of its lack of jurisdiction and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schonce, 727 F.2d 91, 94 (4th Cir.1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Petitioner.

Date: August 16, 2006

R. Clarke VanDervort
United States Magistrate Judge