# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

SHONE WILKES,

                Petitioner,

v.                              CIVIL ACTION NO.  5:04-cv-01304

MARTIE ANDERSON,

                Respondent.

### MEMORANDUM OPINION

Petitioner Shone Wilkes, while incarcerated at FCI Beckley, Beaver, West Virginia, filed an Application for a Writ of Habeas Corpus [Docket 1] pursuant to 28 U.S.C. § 2241.  Petitioner alleged that based on an inaccurate statement in his Presentence Investigation Report ("PSR"), he was incorrectly classified as having a serious history of violence by the Bureau of Prisons ("BOP"). By Standing Order entered on July 21, 2004, and filed in this case on December 15, 2004, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation ("PF&R").

While Petitioner's Application was pending before the Court, he was transferred from FCI Beckley to Williamsburg FCI in Salters, South Carolina.  Magistrate Judge VanDervort filed his PF&R on August 16, 2006 [Docket 13].  In that filing, the magistrate judge recommended that this Court dismiss Petitioner's Application due to the Court's lack of jurisdiction.  Specifically, the PF&R recommended that this Court conclude that it "has no jurisdiction to consider the issues presented by Petitioner's Application as Petitioner has been transferred to Williamsburg FCI and that the circumstances do not warrant the transfer of the instant action to the District of South

Carolina." (Docket 13 at 6.)  Petitioner filed objections to the magistrate judge's PF&R on August 24, 2006 [Docket 15].

## I.    APPLICABLE LAW

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  In addition, this Court need not conduct a *de novo* review when a petitioner "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Under 28 U.S.C. § 2241(a), this Court may only grant habeas relief "within" the Southern District of West Virginia.  This requires "nothing more than . . . hav[ing] jurisdiction over the custodian."  *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 495 (1973).  "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."  *United States v. Little*, 392 F.3d 671, 680 (4th Cir. 2004).  However, "when the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal

authority to effectuate the prisoner's release."  *Rumsfield v. Padilla*, 542 U.S. 426, 447 (2004)

(citing *Ex parte Endo*, 323 U.S. 283 (1944)).[1]

## II.    DISCUSSION

In this case, it is undisputed that on April 21, 2005, Petitioner was transferred to

Williamsburg FCI in the District of South Carolina while his Application was pending in the

Southern District of West Virginia.  In his Application, Petitioner named the warden of FCI Beckley

as the only respondent.  Consequently, the warden of FCI Beckley does not have the legal authority

to effectuate Petitioner's release from Williamsburg FCI.  Thus, this district is not the proper venue

for Petitioner's habeas petition.

In cases such as this, where the court no longer satisfies the jurisdictional requirement to hear

a petition, the court may consider traditional venue principles and has "the authority to transfer the

---

[1] Other courts have noted this language and have held that a transfer, while a petition is pending, does not strip the transferring court of jurisdiction, regardless of whether there is a respondent within its district.  *See White v. Grace*, Civ. No. 3:05-0164, 2005 U.S. Dist. LEXIS 43526, at *9 (M.D. Pa. May 31, 2005); *Hanna v. Pettiford*, 5:06-cv-65, 2006 U.S. Dist. LEXIS 56546, at *4 (N.D. Fla. July 17, 2006) (citing, among other cases, *Sweat v. White*, 829 F.2d 1121, 1121 (4th Cir. 1987) (Table, text in WestLaw)).  These courts have done so without explaining how the decision to retain the petition reconciles with *Padilla*'s requirement that the court have jurisdiction over a respondent who has legal authority to "effectuate the prisoner's release."  For example, in *White*, the court cited *Padilla*, but stated that when a prisoner is transferred from a judicial district after he has filed a petition, "the district court in which the petition was filed retains jurisdiction over the case despite the fact that the prisoner, and his immediate custodian, lie in another federal district."  2005 U.S. Dist. LEXIS at *9.  Also, in *Hanna*, the court stated that "*Padilla* does not appear to alter the longstanding rule that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change."  2006 U.S. Dist. LEXIS at *4.  The court in *Hanna* notes, that if the rule were otherwise, "a petitioner's case could potentially be delayed in perpetuity by repeated transfers.  Such a result surely was not intended."  *Id.*  This Court does not agree that *Padilla* failed to alter the longstanding rule that jurisdiction attaches on the initial filing.  Rather, given the language in *Padilla*, jurisdiction is still based upon a court's power over a respondent who has legal authority to "effectuate the prisoner's release."  A court's jurisdiction is not solely dependent on whether it had jurisdiction when the petitioner filed his or her case.

petition" to the appropriate district.  *Padilla*, 542 U.S. at 464 n. 7 (Stevens, J., dissenting).  Pursuant to 28 U.S.C. §§ 1404, 1406, and in an attempt to prevent Petitioner from having to "go through the administrative remed[ies] again [in] South Carolina," Magistrate Judge VanDervort reviewed the Petitioner's Application in order to determine whether a transfer to the District of South Carolina was warranted.  Had Petitioner's Application been meritorious, the magistrate judge would have recommended that the undersigned transfer this case to the District of South Carolina where jurisdiction is appropriate.  In reviewing the Application, Magistrate Judge VanDervort determined it to have no merit because the BOP confirmed the accuracy of Petitioner's PSR and because it appears that the BOP did not base its classification of Petitioner's history of violence on the alleged inaccuracy.

Petitioner argues that the statement that he supplied the murder weapon in connection with his 1991 conviction for accessory after the fact to murder should be removed from his PSR.  Initially, the Court notes that even though Petitioner objected to this information at his sentencing,[2] he did not appeal the district court's decision to include it in his PSR.  According to Petitioner's Application, he only unsuccessfully appealed ineffective assistance of counsel.  (Docket 1 at 2.)  Nevertheless, in support of his objection, Petitioner cites *United States v. Innie*, 7 F.3d 840 (9th Cir. 1993) and *Paine v. Baker*, 595 F.2d 197 (4th Cir. 1979).[3]  He cites *Innie* for the notion that the crime

---

[2]*See* Docket 1 at 25 ("In paragraph 44 the defendant objects to the allegations that he supplied the murder weapon.").  Petitioner did not include the Court's ruling in his Application.  *See* Docket 1 at 27.  For obvious reasons, the Court will assume that Petitioner's objection was denied.

[3] Petitioner also mentions *Paul v. Davis*, 424 U.S. 693 (1976) and *Siegert v. Gilley*, 500 U.S. 226 (1991) to suggest that the statements in his PSR may form the basis of a constitutional claim for defamation under 42 U.S.C. § 1983.  However, "probation officers uniformly have been granted absolute immunity [in] the preparation of presentence reports."  *Gant v. U.S. Prob. Office*, 994 F.
(continued...)

of accessory after the fact to murder is not a crime of violence and therefore could not give him a classification of a serious history of violence.  Petitioner's argument does not accurately reflect the holding in the case.  *Innie* only held that accessory after the fact to murder is not a crime of violence for purposes of *career offender status* under 18 U.S.C. § 16.   *Innie* does not stand for the proposition that the BOP is bound by its holding when computing a prisoner's classification for violence.  *Cunningham v. Scibana*, 259 F.3d 303, 307 (4th Cir. 2001) ("The BOP, in interpreting the drug treatment statute, is not required to define a 'nonviolent offense' as one that is not a 'crime of violence' under [18 U.S.C.] § 16.").

With regard to Petitioner's classification for violence, Magistrate Judge VanDervort noted that federal inmates have no constitutional right to a particular classification.  *Moody v. Doggett*, 429 U.S. 78, 88 n. 9 (1976).  "Congress has given federal prison officials full discretion to control . . . conditions of confinement."  *Id*.   Furthermore, "[c]lassification of inmates is a matter of prison administration and management with which federal courts are reluctant to interfere except in extreme circumstances."  *Williams v. Bounds*, 532 F.2d 753 (4th Cir. 1976); *see also  Rosenburg v. Meese*, 622 F. Supp. 1451, 1468 (S.D.N.Y. 1985) (citations omitted) (federal courts are disinclined "to interfere with a classification decision by prison officials").  As discussed in more detail below, these circumstances do not rise to the level of that which requires the Court to interfere with prison administration and management.

---

[3](...continued)
Supp. 729, 733 (S.D. W. Va. 1998).  Regardless, these cases are inapplicable to the § 2241 claim pending before the Court, and to the extent Petitioner relied on these cases as grounds for an objection, Petitioner's objection is **OVERRULED**.

Petitioner argues that "official failure, after notice, to correct misinformation in petitioner[']s file, and petitioner has proven the file to be incorrect, states a constitutional claim." (Docket 15 at 2.) In *Paine*, the Fourth Circuit held that "in certain limited circumstances a claim of constitutional magnitude is raised where a [state] prisoner alleges (1) that information is in his file, (2) that the information is false, and (3) that it is relied on to a constitutionally significant degree." 595 F.2d at 201. By claiming that statements in his PSR inaccurately state that he supplied the murder weapon, Petitioner has alleged that information in his file is false.[4] However, even if the Court assumes *arguendo* that Petitioner can assert a *Paine* claim in a § 2241 habeas petition, this information has not been relied on to a constitutionally significant degree.[5] "The requirement of reliance to a constitutionally significant degree has two dimensions. The first is the nature of the adverse administrative decision made on the basis of erroneous information." *Paine,* 595 F.2d at 202. The second dimension is "[t]he nature of the false information." *Id*. While the nature of the alleged false information involves the circumstances surrounding Petitioner's past criminal record, the administrative decision was not made on the basis of that information.

As noted in the PF&R, even if the alleged inaccurate language was omitted from the PSR, then Petitioner's conviction for accessory after the fact to murder alone would qualify him as having a serious history of violence. (Docket 1 at 19.) ("In accordance with Program Statement 5100.07, Security Designations and Custody Classification Manual, aggressive or intimidating behavior which is likely to cause serious bodily harm or death is scored as a serious history of violence. *Your*

---

[4] The Court notes that in order to comply with Program Statement 5800.11, *Inmate Central File, Privacy Folder, and Parole Mini-Files* (Dec. 31, 1997), Petitioner's Unit Team took reasonable steps to verify the accuracy of his 1991 conviction. (Docket 1 at 37.)

[5] *See Williams v. Fed. Bureau of Prisons & Parole Comm'n*, 85 Fed. App'x 299, 303 (3d Cir. 2004).

*PSI Report reflects a 1991 conviction for Accessory After the Fact of Murder.  Consequently, your history of violence score is accurately classified as serious*.") (emphasis added).  According to Special Instructions in Appendix A of Program Statement 5100.08, the BOP should "[s]core any attempt, aiding and abetting, conspiracy, . . . and *accessory after the fact* in the same severity category as the underlying offense."  Fed. Bureau of Prisons, U.S. Dep't of Justice, *Inmate Security Designation and Custody Classification*, Program Statement 5100.08 App. A, p. 8 (Sept.  12, 2006) (emphasis added).  From this language, Petitioner's classification is based on his conviction for accessory after the fact to murder, not the alleged false information that he supplied the murder weapon.  Therefore, this information was not relied on to a constitutionally significant degree and Petitioner does not state a constitutional claim under *Paine*.  Because the cases cited by Petitioner do not support his argument, the Court finds that the circumstances do not require that this case be transferred to the District of South Carolina and Petitioner's objections are **OVERRULED**.

## III.    CONCLUSION

For the reasons discussed above, the Court adopts the recommendation to dismiss contained in Magistrate Judge VanDervort's PF&R.  Accordingly, the Court **DISMISSES** Petitioner's Application for Writ of Habeas Corpus by a Person in State or Federal Custody [Docket 1].  A Judgment Order will be entered this day implementing the ruling contained herein.

ENTER:        February 20, 2007

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE